STOKES *v.* STATE.*

(Division B.   April 6, 1925.)

[103 So. 364.   No. 24850.]

BURGLARY.   *Larceny, Evidence held sufficient to sustain conviction.*

Where a house was burglarized and money stolen therefrom, a part of which was a marked twenty dollar bill, which was shown to be in the possession of the defendant within a few hours after the burglary was committed, and which was identified by the owner as being the identical bill stolen from him, together with evidence of a peculiar track identified as being the defendant's track at the place of the burglary, is sufficient evidence to sustain a conviction, where the possession of the money was not satisfactorily explained by the defendant.

*Headnote 1.   Burglary, 9 C. J., Section 132; Larceny, 36 C. J., Section 483; On the question as to whether possession of recently stolen property is evidence of burglary, see note in 12 L. R. A. (N. S.) 199 et seq.; 4 R. C. L. 440, et seq.; 1 R. C. L. Supp. 1140; 4 R. C. L. Supp. 271, 5 R. C. L. Supp. 244.

APPEAL from circuit court of Clarke county.
HON. C. C. MILLER, Judge.

Robertus Stokes was convicted of burglary and larceny, and he appeals. Affirmed.

*J. D. Fatheree,* for appellant.

The testimony was wholly circumstantial, and the only circumstance that even remotely connected the defendant with the commission of the crime was that several negroes at a negro meeting the night of the alleged breaking swore that on that night the defendant walked up to the collection and in the presence of all of the negroes there assembled gave in a twenty dollar bill and asked that it be changed. This was denied by the defendant, and in this he was corroborated by at least one negro, the defense witness Jerry McLemore.

The possession of this twenty dollar bill by the defendant is the peg on which the state hung for a conviction. The court will notice that the report of the breaking of the house reached the negro church some time in the afternoon and the collection at which the defendant is alleged to have asked for the change of the twenty dollar bill was at night. Now according to the testimony here is a negro boy on the day of an alleged breaking of a house, boldly going up in the church and asking in public in the presence of all of these negroes, and exhibiting this bill and asking them to change it for him.

The negro Mitchell swears that when he returned home Friday after the alleged burglary he found a track at the window which he attempts to identify as the track of the defendant. But he, also, testifies that he did not see the defendant, and had not seen him for some time, as he had been away from there several weeks, and could not have known what kind of shoes the defendant was wearing on that particular day, or any day for some considerable time, and no shoe of the defendant, or any one else was compared to the track, and several days had elapsed between the Sunday of the alleged burglary and the day Mitchell swore he saw the track.

We respectfully say the evidence is entirely too weak to support a conviction.

*J. L. Byrd,* Assistant Attorney-General, for the state.

The appellant alleges that the evidence is insufficient to support the verdict. The state's evidence presented a question for the jury, and if they believed the state's evidence beyond every reasonable doubt, which it is apparent by the verdict they did, then the facts and circumstances were strong enough to support the verdict.

We have evidence that the appellant had possession of these recently stolen goods, and he makes no effort at all to explain his possession, but takes the position that he did not have the money which was stolen. Now, in this he is contradicted by four witnesses, and we submit that if the jury could find from these four witnesses' testimony that he did have the twenty dollar bill in his possession that that was a circumstance from which they could infer guilt, and that this proof coupled with the proof as to the tracks and coupled with the proof that the appellant was without funds that day and the day before, make a case which, to say the least, is persuasive. The jury believed it beyond a reasonable doubt.

A critical reading of the evidence offered by the appellant to prove an alibi will show that all of his time from ten o'clock Sunday until the robbery was discovered is not accounted for, and, therefore, his alibi fails.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted for burglary and larceny, being charged with breaking into the house of C. C. Mitchell with felonious and burglarious intent to feloniously steal and carry away the personal property therein found, and did then and there feloniously take and carry away one hundred and twenty-five dollars, the personal property of C. C. Mitchell. Appellant was

found guilty as charged by the jury, and was sentenced to the penitentiary.

It appears that Mitchell kept money in his trunk in his home, where his mother lived with him, and that at the time that the burglary occurred Mitchell was absent, and his mother was living alone at his residence; that she went to church on Sunday morning, and while she was absent from home at church the house was entered and the money stolen, and the occurrence of the burglary became well known during the day. On Sunday night the appellant, Robertus Stokes, attended church, and, while a collection was being taken, went forward to the table where the money was being received, and presented a twenty dollar bill to be changed, which was done, and made a contribution. The preacher in charge of the services was standing near the table where the collection was being taken, and his attention was attracted to the twenty dollar bill, and this was the only twenty dollar bill taken during the collection that Sunday night, and this twenty dollar bill was turned over to the preacher aforesaid. Several persons testify to the fact that the appellant presented the twenty dollar bill, and that it was the only twenty dollar bill taken in during the collection. Mitchell, the owner of the money, returned home on being notified of the robbery, and called up the preacher and asked about the twenty dollar bill, and told him that a twenty dollar bill taken from his home that day was marked, and requested the preacher to meet him at a designated place and bring the bill, which the preacher did. Upon examination the twenty dollar bill was found to be marked as stated by Mitchell, and Mitchell identified the money as being money which he had marked. It is also in testimony that there were two tracks on the ground at the window where the house was entered, and that one track was made by a peculiarly run-down shoe such as was worn by the appellant. The appellant testified in his own behalf, and denied that he had the twenty dollar bill, and denied presenting a twenty dollar bill to be changed at the collection table that

Sunday night, and in these denials he is supported by one witness.

It is contended that the evidence is insufficient to warrant a conviction which is the only point relied on for reversal.

We are of the opinion that the evidence is sufficient to warrant the conviction, and the judgment of the court will be affirmed.

*Affirmed.*